MDR

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Eldridge, | No.  CV 14-1325-PHX-DGC (JFM) |
| Plaintiff, | |
| vs. | **ORDER** |
| CO II J.D. Schroeder, et al., | |
| Defendants. | |

On June 13, 2014, Plaintiff Joseph Eldridge, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and two deficient Applications to Proceed *In Forma Pauperis*. In a June 19, 2014 Order, the Court denied the deficient Applications to Proceed and gave Plaintiff 30 days to either pay the filing and administrative fees or file a complete Application to Proceed *In Forma Pauperis*.

On June 26, 2014, Plaintiff filed a third Application to Proceed *In Forma Pauperis* (Doc. 8). On July 3, 2014, Plaintiff filed a Motion for Protective Order (Doc. 9).

**I.     Payment of Filing Fee**

When bringing an action, a prisoner must either pay the $350.00 filing fee and a $50.00 administrative fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the $350.00 filing fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed *in forma pauperis* requires an affidavit of

**JDDL**

1  indigence and a *certified* copy of the inmate's trust account statement for the six months
2  preceding the filing of the Complaint. 28 U.S.C. § 1915(a)(2). An inmate must submit
3  statements from each institution where the inmate was confined during the six-month
4  period. *Id.* To assist prisoners in meeting these requirements, the Court requires use of a
5  form application. LRCiv 3.4.

6  If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an
7  initial partial filing fee of 20% of either the average monthly deposits or the average
8  monthly balance in Plaintiff's account, whichever is greater. 28 U.S.C. § 1915(b)(1). An
9  initial partial filing fee will only be collected when funds exist. 28 U.S.C. § 1915(b)(4).
10 The balance of the $ 350.00 filing fee will be collected in monthly payments of 20% of
11 the preceding month's income credited to an inmate's account, each time the amount in
12 the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

**II.     June 26 Application Fails to Comply With Statute**

Plaintiff's June 26 Application to Proceed is filed on the court-approved form, but the "Certificate of Correctional Official as to Status of Applicant's Trust Account" section is not completed, and Plaintiff has not submitted a certified six-month trust account statement. In light of these deficiencies, the Court will deny Plaintiff's June 26 Application to Proceed and will give Plaintiff 30 days to either pay the $400.00 filing and administrative fees or file a complete Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement.

The Arizona Department of Corrections ("ADOC") has notified the Court that a certified trust fund account statement showing deposits and average monthly balances is available from the ADOC's Central Office. *Accordingly, Plaintiff must obtain the certified copy of his ADOC trust fund account statement for the six months immediately preceding the filing of the Complaint from the ADOC's Central Office.*

**III.    Motion for Protective Order**

In his Motion for Protective Order, Plaintiff seeks a protective order "due to the death threats on the Plaintiff['s] life." He requests an order that Defendant Schroeder

JDDL

- 2 -

1  "can't have no and nothing to do with the Plaintiff.  And to be ke[pt] away from the
2  Plaintiff and w[her]e the Plaintiff is house[d]."

3  Plaintiff contends that Defendant Schroeder assaulted Plaintiff in January 2014
4  and threatened Plaintiff's life if Plaintiff told anyone about the incident.  Plaintiff asserts
5  that he told other staff members about the incident.  Plaintiff also claims that Defendant
6  Schroeder has been reassigned as a kitchen security officer and that he has access to
7  Plaintiff's restricted diet and has told other prisoners to mess with Plaintiff's food or put
8  unknown items in his food.  Plaintiff additionally contends that other staff members have
9  told Plaintiff to keep his eyes open for Defendant Schroeder because he has been talking
10 about "retaliation" for Plaintiff talking to "the C.I.U."  Plaintiff asserts that the other staff
11 members are unwilling to write an "I/R form about the threat."

12 Whether to grant or deny a motion for a preliminary injunction is within the
13 Court's discretion.  *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132-33 (9th Cir.
14 1979).  To obtain a preliminary injunction, the moving party must show "that he is likely
15 to succeed on the merits, that he is likely to suffer irreparable harm in the absence of
16 preliminary relief, that the balance of equities tips in his favor, and that an injunction is in
17 the public interest."  *Winter v. Natural Resources Defense Council, Inc.,* 129 S. Ct. 365,
18 374 (2008).  The moving party has the burden of proof on each element of the test.  *Envtl.*
19 *Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

20 Plaintiff has failed to address any of the elements of the test.  In addition, the
21 Court notes that Plaintiff filed a similar motion in *Eldridge v. Ryan*, CV 13-0888-PHX-
22 DLR (JFM), alleging that Defendant Schroeder had assaulted him and was threatening to
23 kill him.  *See* Doc. 79 in CV 13-0888.  In an August 26, 2014 order in CV 13-0888,
24 United States District Court Judge Douglas L. Rayes, relying on a declaration from
25 Defendant Schroeder that he had been reassigned as a kitchen security officer and no
26 longer had any contact with Plaintiff, denied the motion as moot, concluding that
27 Defendant Schroeder no longer has contact with Plaintiff and poses no threat to Plaintiff.
28 *See* Doc. 124 in CV 13-0888.  Moreover, although Plaintiff now alleges that Defendant

JDDL

Schroeder, as a kitchen security officer, has access to Plaintiff's restricted diet and has told other inmates to "mess" with Plaintiff's meal or put unknown items into it, Plaintiff does not allege that Defendant Schroeder or anyone else has actually altered his meal or put unknown items in it. Plaintiff's claim is speculative and conclusory and the Court declines to issue a preliminary injunction based on these unsupported allegations.

The Court, in its discretion, will deny the Motion for Protective Order without prejudice.

**IV.    Warnings**

**A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Copies**

Because Plaintiff is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Plaintiff is not required to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Local Rule of Civil Procedure 5.4. If Plaintiff is transferred to a unit other than one subject to General Order 14-17, he will be notified of the requirements regarding copies for the Court that are required for inmates whose cases are not subject to General Order 14-17.

**C.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's June 26, 2014 Application to Proceed *In Forma Pauperis* (Doc. 8) is **denied without prejudice**.

(2)     Within 30 days of the date this Order is filed, Plaintiff must either pay the $400.00 filing and administrative fees **or** file a complete Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement.

(3)     If Plaintiff fails to either pay the $400.00 filing and administrative fees or file a complete Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

(4)     Plaintiff's Motion for Protective Order (Doc. 9) is **denied without prejudice**.

(5)     The Clerk of the Court must mail Plaintiff a court-approved form for filing an Application to Proceed *In Forma Pauperis* (Non-Habeas).

Dated this 3rd day of October, 2014.

_____
David G. Campbell
United States District Judge

JDDL

- 5 -

**Instructions for Prisoners Applying for Leave to Proceed** *in Forma Pauperis*
**Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the $350.00 filing fee plus the $50.00 administrative fees for a civil action. If you later file an appeal, you will be obligated to pay the $455.00 filing fee for the appeal.

If you have enough money to pay the full $400.00 filing and administrative fees, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint.

If you do not have enough money to pay the full $400.00 filing and administrative fees, you can file the action without prepaying the fees. However, the court will assess an initial partial filing fee. The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit. The court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the court.

After the initial partial filing fee has been paid, you will owe the balance of the $350.00 filing fee (you will not be required to pay the $50.00 administrative fee). Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income. The agency that holds you in custody will collect that money and forward it to the court any time the amount in your account exceeds $10.00. The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action *in forma pauperis*, you must complete the attached form and return it to the court with your complaint. You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months. If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from each institution at which you were confined. If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed *in forma pauperis* will be denied.

Even if some or all of the filing fee has been paid, the court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action *in forma pauperis* unless you are in imminent danger of serious physical injury.

Revised 5/1/2013

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| _____, | ) <br> ) CASE NO. _____ | |
| Plaintiff, | ) | |
| vs. | ) <br> ) | APPLICATION TO PROCEED |
|  | ) | *IN FORMA PAUPERIS* |
| _____, | ) | BY A PRISONER |
| Defendant(s). | ) | CIVIL (NON-HABEAS) |
|  | ) | |

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained?
☐Yes  ☐No  If "Yes," how many have you filed? _____.
Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted? ☐Yes  ☐No  If "Yes," how many of them? _____.

2. Are you currently employed at the institution where you are confined?  ☐Yes  ☐No
If "Yes," state the amount of your pay and where you work. _____
_____

3. Do you receive any other payments from the institution where you are confined?  ☐Yes  ☐No
If "Yes," state the source and amount of the payments. _____
_____

Revised 5/1/2013

1

4.  Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?  ☐Yes  ☐No
    If "Yes," state the sources and amounts of the income, savings, or assets.  _____
    _____
    _____

    I declare under penalty of perjury that the above information is true and correct.

    _____                    _____
    DATE                                       SIGNATURE OF APPLICANT

    ---

    CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

    I, _____, hereby consent to having the designated correctional officials at this institution release to the Court my trust account information. I further consent to having the designated correctional officials at this institution withdraw from my trust account the funds required to comply with the order of this Court for the payment of filing fees in accordance with 28 U.S.C. § 1915(b).
    My consent includes withdrawal from my account by correctional officials of partial initial payments to this Court equal to 20% of the greater of:
        (A)  the average monthly deposits to my account for the six-month period preceding my filing of this action, or
        (B)  the average monthly balance in my account for the six-month period preceding my filing of this action.
    My consent also includes monthly withdrawals from my account by correctional officials of an amount equal to 20% of each month's income. Whenever the amount in my account reaches $10.00, correctional officials will withdraw that amount and forward it to the Court until the required filing fee is paid in full. I understand that I am liable for paying the entire fee, even if my case is dismissed by the Court before the fee is fully paid.

    _____                    _____
    DATE                                       SIGNATURE OF APPLICANT

    ---

    CERTIFICATE OF CORRECTIONAL OFFICIAL
    AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

    I, _____, certify that as of the date applicant signed this application:
        (Printed name of official)
    The applicant's trust account balance at this institution is:              $_____
    The applicant's average monthly deposits during the prior six months is:   $_____
    The applicant's average monthly balance during the prior six months is:    $_____
    The attached certified account statement accurately reflects the status of the applicant's account.

    _____
    DATE        AUTHORIZED SIGNATURE        TITLE/ID NUMBER        INSTITUTION