MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Joseph Eldridge, | No.  CV 14-1325-PHX-DGC (ESW) |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| CO II J.D. Schroeder, | |
| Defendant. | |

On June 13, 2014, Plaintiff Joseph Eldridge, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and two deficient Applications to Proceed *In Forma Pauperis*.  In a June 19, 2014 Order, the Court denied the deficient Applications to Proceed and gave Plaintiff 30 days to either pay the filing and administrative fees or file a complete Application to Proceed *In Forma Pauperis*.

On June 26, 2014, Plaintiff filed a third Application to Proceed *In Forma Pauperis*.  On July 3, 2014, Plaintiff filed a Motion for Protective Order.  In an October 3, 2014 Order, the Court denied the deficient Application to Proceed and the Motion for Protective Order and gave Plaintiff 30 days to either pay the filing and administrative fees or file a complete Application to Proceed *In Forma Pauperis*.

On October 15, 2014, Plaintiff filed a fourth Application to Proceed *In Forma Pauperis* (Doc. 11).  The Court will grant the fourth Application to Proceed and will order Defendant Schroeder to answer the Complaint.

TERMPSREF

1    **I.      Fourth Application to Proceed *In Forma Pauperis* and Filing Fee**

2          Plaintiff's fourth Application to Proceed *In Forma Pauperis* will be granted.  28

3    U.S.C. § 1915(a).   Plaintiff must pay the statutory filing fee of $350.00.   28 U.S.C.

4    § 1915(b)(1).   The Court will not assess an initial partial filing fee.   *Id.*   The statutory

5    filing fee will be collected monthly in payments of 20% of the previous month's income

6    credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.

7    28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate

8    government agency to collect and forward the fees according to the statutory formula.

9    **II.     Statutory Screening of Prisoner Complaints**

10         The Court is required to screen complaints brought by prisoners seeking relief

11   against a governmental entity or an officer or an employee of a governmental entity.

12   28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if a

13   plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim

14   upon which relief may be granted, or that seek monetary relief from a defendant who is

15   immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

16         A pleading must contain a "short and plain statement of the claim *showing* that the

17   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

18   does not demand detailed factual allegations, "it demands more than an unadorned, the-

19   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

20   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

21   conclusory statements, do not suffice."  *Id.*

22         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

23   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

24   550 U.S. 544, 570 (2007)).   A claim is plausible "when the plaintiff pleads factual

25   content that allows the court to draw the reasonable inference that the defendant is liable

26   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

27   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

28   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**III.    Complaint**

In his one-count Complaint, Plaintiff sues Defendant Correctional Officer II J.D. Schroeder. Plaintiff seeks injunctive relief and monetary damages.

Plaintiff asserts that his Eighth Amendment rights were violated because Defendant Schroeder engaged in excessive force. Plaintiff contends that he was in his cell, doing legal work and getting ready to go out for recreation, when Defendant Schroeder came to Plaintiff's cell door. Plaintiff asserts that Defendant Schroeder asked Plaintiff if he wanted "to talk that 'shit' [Plaintiff] was talking in the Mental Health Watch Pod."[1] Plaintiff contends that Defendant Schroeder had the control room operator open the cell door and then Defendant Schroeder entered the cell; pushed Plaintiff onto his bed; hit Plaintiff several times in the face, upper body, and upper legs and arms; dumped the contents of Plaintiff's legal and property boxes on the floor and stepped on the boxes; and kicked and hit Plaintiff until he lost consciousness. Plaintiff alleges that he did not do or say anything to cause Defendant Schroeder to beat and kick him.

Plaintiff claims that a correctional officer and a lieutenant took Plaintiff to the medical unit and took pictures of Plaintiff's injuries and his cell. Plaintiff contends that his shoulder was dislocated and he continues to have pain in his head and chest and ringing in his ears.

---

[1] Plaintiff alleges that Defendant Schroeder threatened to kill Plaintiff when Plaintiff was in the Watch Pod and that Plaintiff had reported the threat to a corrections officer, a sergeant, the warden, and a deputy warden.

1    Plaintiff has stated an excessive force claim against Defendant Schroeder.   The
2    Court will require Defendant Schroeder to answer the Complaint.

3    **IV.    Warnings**

4        **A.    Release**

5        Plaintiff must pay the unpaid balance of the filing fee within 120 days of his
6    release.   Also, within 30 days of his release, he must either (1) notify the Court that he
7    intends to pay the balance or (2) show good cause, in writing, why he cannot.   Failure to
8    comply may result in dismissal of this action.

9        **B.    Address Changes**

10       Plaintiff must file and serve a notice of a change of address in accordance with
11   Rule 83.3(d) of the Local Rules of Civil Procedure.   Plaintiff must not include a motion
12   for other relief with a notice of change of address.   Failure to comply may result in
13   dismissal of this action.

14       **C.    Copies**

15       Because Plaintiff is currently confined in an Arizona Department of Corrections
16   unit subject to General Order 14-17, Plaintiff is not required to serve Defendant with a
17   copy of every document he files or to submit an additional copy of every filing for use by
18   the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and
19   Local Rule of Civil Procedure 5.4.   If Plaintiff is transferred to a unit other than one
20   subject to General Order 14-17, he will be notified of the requirements for service and
21   copies for the Court that are required for inmates whose cases are not subject to General
22   Order 14-17.

23       **D.    Possible Dismissal**

24       If Plaintiff fails to timely comply with every provision of this Order, including
25   these warnings, the Court may dismiss this action without further notice.   *See Ferdik v.*
26   *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action
27   for failure to comply with any order of the Court).

28

**IT IS ORDERED:**

(1)     Plaintiff's fourth Application to Proceed *In Forma Pauperis* (Doc. 11) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendant Schroeder.

(4)     Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6)     The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(7)     The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not**

---

[1]If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

**returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a)    personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8)    **If Defendant agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .

**TERMPSREF**

1        (9)    Defendant must answer the Complaint or otherwise respond by appropriate

2    motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

3    Rules of Civil Procedure.

4        (10)    This matter is referred to Magistrate Judge Eileen S. Willett pursuant to

5    Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as

6    authorized under 28 U.S.C. § 636(b)(1).

7        Dated this 25th day of November, 2014.

8

9

10

11   _____

12               David G. Campbell
          United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28