WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Eldridge,<br><br>    Plaintiff,<br><br>v.<br><br>J.D. Schroeder, et al.,<br><br>    Defendants. | No. CV-14-01325-PHX-DLR (ESW)<br><br>**ORDER** |

Plaintiff is a prisoner confined in the Arizona State Prison Complex-Eyman in Florence, Arizona. He filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 on June 13, 2014 (Doc. 1). Pursuant to 28 U.S.C. § 1915(A), the Court screened Plaintiff's Complaint (Doc. 1) to determine its legal sufficiency. In its November 25, 2014 Order (Doc. 14), the Court required Defendant Schroeder to answer the Complaint (Doc. 1). On February 20, 2015, Plaintiff filed a "Complaint for Negligence" (Doc. 21). The Court deems the "Complaint for Negligence" (Doc. 21) to be an amended complaint, hereinafter referred to as the "First Amended Complaint."

Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend his complaint once as a matter of course within: "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." Proof of service has not been filed in this matter. Nor has a motion under Rule 12(b), (e), or (f) of the Federal Rules of Civil Procedure been filed. Under

Rule 15(a)(1), Plaintiff is therefore entitled to amend his Complaint (Doc. 1) as a matter of right.

The Court, however, must screen civil complaints brought by prisoners who seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(a). The Court must dismiss a complaint or portion thereof that is legally frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. § 1915(A)(b)(1), (2).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To present a plausible claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681. However, a complaint filed by a pro se prisoner "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (instructing courts to construe pro se filings liberally).

Finally, a first amended complaint supersedes the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262 ("after amendment the

original pleading no longer performs any function and is treated thereafter as non-existent") (internal quotation marks and citation omitted).  Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a proposed amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

### I. Statutory Screening of the First Amended Complaint[1]

Plaintiff alleges one count in his First Amended Complaint (Doc. 21).  That count asserts that Plaintiff's Eighth Amendment rights were violated when Defendant Correctional Officer J.D. Schroeder allegedly used excessive physical force against Plaintiff.  This claim is contained in Plaintiff's original Complaint (Doc. 1), and the First Amended Complaint (Doc. 21) reiterates the supporting factual allegations made in the original Complaint.

To support his claim, Plaintiff alleges that while Plaintiff was in his cell doing legal work and getting ready to go out for recreation, Defendant Schroeder came to Plaintiff's cell door and asked Plaintiff if he wanted to "talk that 'shit' [Plaintiff] was talking in the Mental Health Watch Pod."  (Doc. 21 at 2).  Plaintiff then alleges that Defendant Schroeder entered Plaintiff's cell and pushed Plaintiff onto Plaintiff's bed, then hit Plaintiff several times in the face, upper body, and upper legs and arms.  Defendant Schroeder also allegedly dumped the contents of Plaintiff's legal and property boxes on the floor and stepped on the boxes and then kicked and hit Plaintiff until he lost consciousness.  Plaintiff further alleges that he "did not do or say anything to cause

---

[1] Local Rule of Civil Procedure 3.4 requires that "[a]ll complaints . . . by incarcerated persons shall be signed and legibly written or typewritten on forms approved by the Court and in accordance with the instructions provided with the forms."  The Court may, in its discretion, forgo the requirement that a plaintiff use a court-approved form.  *See* LRCiv 3.4.  Plaintiff's First Amended Complaint (Doc. 21) is not written on the court-approved form.  The Court, however, finds that the First Amended Complaint (Doc. 21) substantially complies with the court-approved form.  In the interest of judicial economy, the Court will screen the First Amended Complaint (Doc. 21) as submitted.

[Defendant] Schroeder to beat and kick him." (Doc. 21 at 2).

The Court finds that Plaintiff sufficiently alleges facts in the First Amended Complaint (Doc. 21) to support Plaintiff's claim that Defendant Schroeder used excessive force against Plaintiff. The Court therefore orders Defendant Schroeder to answer Plaintiff's excessive force claim contained in the First Amended Complaint (Doc. 21).

## II. Motion for Appointment of Counsel (Doc. 24)

Also pending before the Court is Plaintiff's Motion for Appointment of Counsel (Doc. 24). There is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). If "exceptional circumstances" exist, however, a court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). A court must consider two factors when determining whether "exceptional circumstances" exist: (i) the likelihood the plaintiff will succeed on the merits of his or her claims and (ii) the plaintiff's ability to articulate his or her "claims *pro se* in light of the complexity of the legal issues involved." *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). These two factors must be considered together, and neither factor is dispositive. *Palmer*, 560 F3.d at 970 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

In his Motion for Appointment of Counsel (Doc. 24), Plaintiff states that his "imprisonment will greatly limit his ability to litigate." Plaintiff also states that he has a medical disorder that impacts his ability to litigate. But Petitioner has not shown a likelihood that his claim will succeed on the merits. Petitioner also has not shown a difficulty in articulating his claim in light of the complexity of the legal issues involved. Petitioner's pleadings indicate that Petitioner is able to conduct legal research and articulate his legal arguments to the Court. *See Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a

demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). As Petitioner has failed to show that exceptional circumstances are present, Petitioner's Motion for Appointment of Counsel (Doc. 24) is denied.

### III. Warnings

#### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### B. Copies

Because Plaintiff is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Plaintiff is not required to serve Defendant Schroeder with a copy of every document he filed or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4. If Plaintiff is transferred to a unit other than one subject to General Order 14-17, he will be notified of the requirements for service and copies for the Court that are required for inmates whose cases are not subject to General Order 14-17.

#### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of the Court's Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court). If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint (Doc. 21) on Defendant Schroeder within 120 days of the filing of the First Amended Complaint (Doc. 21) or within 60 days of the filing of this Order,

whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

## IV. CONCLUSION

Based on the foregoing, **IT IS ORDERED** that**:**

1. Service of Plaintiff's original Complaint (Doc. 1) is stayed.

2. The Clerk of the Court shall forward copies of this Order to the United States Marshals Service.

3. The United States Marshal shall retain the Summons, a copy of the First Amended Complaint (Doc. 21), and a copy of this Order for future use.

4. The United States Marshal shall notify Defendant Schroeder of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant Schroeder shall include a copy of this Order. The Marshall shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is returned as undeliverable or is not returned by Defendant Schroeder within thirty days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) Personally serve copies of the Summons, First Amended Complaint (Doc. 21), and this Order upon Defendant Schroeder pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) Within ten days after personal service is effected, file the return of service for Defendant Schroeder, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant Schroeder. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant Schroeder pursuant to Rule 4(d)(2)

of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

5. **If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint (Doc. 21) on Defendant Schroeder within 120 days of the filing of the First Amended Complaint (Doc. 21) or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).**

6. If Defendant Schroeder agrees to waive service of the Summons and First Amended Complaint (Doc. 21), he must **return the signed waiver forms to the United States Marshal, not the Plaintiff.**

7. Defendant Schroeder must answer the First Amended Complaint (Doc. 21) or otherwise respond by appropriate motion within the time provided by applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

8. Plaintiff's Motion for Appointment of Counsel (Doc. 24) is denied.

Dated this 22nd day of April, 2015.

_____
Eileen S. Willett
United States Magistrate Judge