WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Gerald Eldridge, | No. CV-14-01325-PHX-DGC (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| JD Schroeder, | |
| Defendant. | |

Pending before the Court are (1) Objection to and Motion to Quash Subpoenas (Doc. 41); (2) Motion for an Order Compelling Discovery (Doc. 46); (3) Motion to Extend the Time for Service of Defendant JD Schroeder (Doc. 47); and (4) "Letter to the Court" (Doc. 39). For the reasons set forth below, the Objection to and Motion to Quash Subpoenas will be granted in part and denied in part. The Court will deny the Motion for an Order Compelling Discovery and the Motion to Extend the Time for Service of Defendant JD Schroeder. The "Letter to the Court" is deemed moot.

**Procedural History**

Plaintiff is incarcerated at the Arizona State Prison Complex-Lewis in Buckeye, Arizona. He has filed a First Amended Complaint (Doc. 21) alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983. Defendant Schroeder has been terminated from the employ of the Arizona Department of Corrections. (Doc. 22). The Attorney General has filed under seal Defendant Schroeder's last known home address (Doc. 26). The U.S. Marshals Service ("USMS") was unable to serve Defendant Schroeder at that address.

The home was vacant and had been sold as confirmed by USMS. (Doc. 33). The Court authorized the issuance of subpoenas duces tecum to permit the Plaintiff to conduct limited discovery for purposes of serving Defendant Schroeder (Doc. 37). Plaintiff has issued subpoenas to the Arizona Department of Corrections and Governor Ducey seeking "All of J.D. Schroeder employment records. Any and all documents that has J.D. Schroeder name on the document and has anything to do with J.D. Schroeder in any way on or in the form or document or material in any form."

## Discussion

Non-parties Arizona Department of Corrections and the Office of the Arizona Governor move to quash the subpoenas duces tecum on the basis of an unreasonable time to respond as set forth on the subpoenas (two days) as well as irrelevance, over-breadth, and burden. Fed. R. Civ. P. 45(d)(2)(B) and (d)(3)(A)(i) and (iv). The Attorney General has indicated that no additional information regarding Defendant Schroeder's current address is in the possession of the Arizona Department of Corrections or the Governor, other than the home address previously provided under seal (Doc. 41 at 2). Specifically, the Assistant Attorney General asserts: "Undersigned counsel is informed by the ADC's Central Office that a thorough search was conducted of the terminated employee to locate a current address for Defendant Schroeder, but that none could be found. The Governor's Office has no information about the whereabouts of a former ADC employee: such information, if any, would be kept by ADC." (*Id*.) Plaintiff, therefore, moves to compel disclosure of the information sought in the subpoenas duces tecum. Fed. R. Civ. P. 45 (d)(2)(B)(i). Plaintiff incorrectly cites the Court to Rule 37, Fed. R. Civ. P., but his intent is clear.

The purpose of the Court's Order (Doc. 37) allowing the issuance of the subpoenas duces tecum was to "permit the Plaintiff to conduct reasonable discovery limited to ascertaining the requisite service information for Defendant Schroeder, specifically Defendant Schroeder's current address." (Doc. 37 at 2). The Court provided Plaintiff with five subpoenas duces tecum and extended time for service of process for an

additional ninety days from September 15, 2015.

This case was originally filed on June 13, 2014 (Doc. 1). The Court granted Plaintiff's fourth Application to Proceed in Forma Pauperis (Doc. 14). The Court thereafter granted Plaintiff three extensions of time within which to serve Defendant Schroeder (Docs. 17, 25, 37). The last extension of time will expire on December 14, 2015, and Defendant Schroeder has not been served. Plaintiff has attempted to secure a current address for Defendant Schroeder through the use of the provided subpoenas duces tecum. The movant non-party recipients of those subpoenas do not possess the current address of Defendant Schroeder. The Court finds that the scope of the documentation sought by Plaintiff is overly broad, unduly burdensome, and irrelevant to the extent that the subpoenas duces tecum request information other than Defendant Schroeder's current address. Fed. R. Civ. P. 45(d)(3)(A)(iv). Timeliness is not an issue as Plaintiff is willing to extend time for the disclosure of the information sought. Fed. R. Civ. P. 45(d)(3)(A)(i). To the extent that the subpoenas duces tecum seek the production of documentation reflecting Defendant Schroeder's current address, the Court finds that they are relevant to the proceedings, not unduly burdensome, and not overly broad. Beyond the parameters set forth by the Court, however, the subpoenas duces tecum run afoul of Rule 45, Fed. R. Civ. P.

The Court further finds that the Plaintiff has failed to articulate in his Motion for Extension of Time for Service of Defendant JD Schroeder how additional time will accomplish service of process. USMS has insufficient information with which to serve Defendant Schroeder. Where an *in forma pauperis* Plaintiff cannot demonstrate that he has provided USMS sufficient information to effectuate service of process, the action may be dismissed. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), overruled on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995); *see also Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991). The Court has afforded the Plaintiff three extensions of time to serve Defendant Schroeder, all to no avail. Rule 4(m), Fed. R. Civ. P., states that if a defendant cannot be served within ninety days after a complaint is filed,

the action must be dismissed without prejudice.[1]

**Conclusion**

**IT IS ORDERED** denying Plaintiff's Motion to Extend the Time for Service of Defendant JD Schroeder (Doc. 47).

**IT IS FURTHER ORDERED** that Plaintiff show cause no later than January 6, 2016 why his case should not be dismissed without prejudice for failure to timely serve pursuant to Rule 4(m), Fed. R. Civ. P.

**IT IS FURTHER ORDERED** denying Motion for an Order Compelling Discovery (Doc. 46).

**IT IS FURTHER ORDERED** granting in part Objection to and Motion to Quash Subpoenas (Doc. 41). The subpoena duces tecum to the Governor of Arizona is quashed, and the objection to it is sustained. The objection to the subpoena duces tecum served upon the Arizona Department of Corrections is sustained in part. However, the Arizona Department of Corrections is required to disclose to the Court under seal any document reflecting the current location of Defendant J. D. Schroeder for purposes of service of process by the USMS. Production of further documents requested is deemed unduly burdensome. The additional documents are irrelevant, and the scope of the subpoena duces tecum is overly broad. To the extent the subpoena duces tecum seeks records other than the current location of Defendant Schroeder, it is quashed.

**IT IS FURTHER ORDERED** that the "Letter to the Court" (Doc. 39) is deemed moot.

Dated this 4th day of December, 2015.

Honorable Eileen S. Willett
United States Magistrate Judge

---

[1] At the time the Plaintiff's Complaint was filed, Rule 4(m), Fed. R. Civ. P., allowed Plaintiff 120 days within which to serve Defendant Schroeder. The multiple extensions of time to serve the Defendant in this case obviate any need to calculate time to serve.