WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Joseph Gerald Eldridge,<br><br>    Plaintiff,<br><br>v.<br><br>JD Schroeder,<br><br>    Defendant. | No. CV-14-01325-PHX-DGC (ESW)<br><br>**REPORT AND RECOMMENDATION AND ORDER** |

Pending before the Court are Plaintiff's "Motion for Permission and Court Ordered to Service by Ad in 'USA Today'" (Doc. 54), Request of the Court (Doc. 57), and "Objection to Document 50" (Doc. 56). The Court has considered the motions and sets forth its rulings herein.

In addition, the undersigned has considered Plaintiff's "Complaint for Negligence" (Doc. 21). For the reasons discussed in Sections II(A) and III(A) below, the undersigned recommends that the Court dismiss the "Complaint for Negligence."[1]

**I. PROCEDURAL HISTORY**

Plaintiff is incarcerated at the Arizona State Prison Complex-Lewis in Buckeye, Arizona. He has filed a pro se Complaint (Doc. 21) alleging a violation of his civil rights

---

[1] As the undersigned's screening of the "Complaint for Negligence" is dispositive of claims raised in Plaintiff's attempt to amend his complaint as a matter of right, the undersigned makes the following recommendation pursuant to Rule 72 (b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1)(B).

pursuant to 42 U.S.C. § 1983. Plaintiff alleges one count of excessive force in violation of the Eighth Amendment perpetrated against him by Defendant Schroeder. The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a). Defendant Schroeder was required to answer.

On February 20, 2015, Plaintiff filed "Complaint for Negligence." (Doc.21). On February 25, 2015, service was returned unexecuted as to Defendant Schroeder. (Doc. 22). Defendant Schroeder has been terminated from the employ of the Arizona Department of Corrections ("ADC"). (*Id*.). The Attorney General thereafter filed under seal Defendant Schroeder's last known home address (Doc. 26). The U.S. Marshals Service ("USMS") was unable to serve Defendant Schroeder at his last known home address. (Doc. 33). The home was vacant and had been sold as confirmed by USMS. (*Id*.).

The Court authorized the issuance of subpoenas duces tecum to permit Plaintiff to conduct limited discovery for purposes of serving Defendant Schroeder (Doc. 37). Plaintiff has issued subpoenas to the ADC and Governor Ducey seeking "[a]ll of J.D. Schroeder employment records. Any and all documents that has J.D. Schroeder name on the document and has anything to do with J.D. Schroeder in any way on or in the form or document or material in any form." The Court quashed the subpoena duces tecum to the Governor. (Doc. 50 at 4). The Court again required the ADC to search personnel records and disclose to the Court under seal any document reflecting the current location of Defendant J.D. Schroeder for purposes of service of process by USMS. (Doc. 50 at 4). The Attorney General filed a "Notice of Compliance with the Court's December 4, 2015 Order (Doc. 50)" on December 10, 2015, indicating that "[o]n December 9, 2015, the ADC Central Office and ADC Human Resources conducted another thorough search in attempt to locate any document reflecting an updated address for J.D. Schroeder." (Doc. 53 at 1). Counsel stated that the last known address of Defendant Schroeder previously filed under seal is the only information regarding Defendant Schroeder's location in the possession of the ADC.

USMS served a subpoena duces tecum upon the United States Postal Service ("USPS") on December 8, 2015, requesting "any and all knowed [sic] address's [sic] for one J.D. Schroeder and any member of the J.D. Schroeder family." (Doc. 51). USMS also served a subpoena duces tecum upon the Federal Bureau of Investigations ("FBI"). (Doc. 49). The docket reflects that FBI Assistant General Counsel posted an email to the U.S. District Court, District of Arizona's website, stating that a search of FBI records cannot be accomplished without a numerical identifier and "it is highly unlikely that the FBI would have any record of Mr. Schroeder's current address. . . ." (Doc. 52).

Plaintiff now seeks permission to serve Defendant Schroeder by running "an ad in USA Today Newpaper [sic] or in the Media Networks." (Doc. 54 at 1). Plaintiff further asks the Clerk of Court to send to the "U.S. Department of Justice FBI" Defendant Schroeder's numerical identifier that Defendant Schroeder used at the ADC "(DOB, SS#, etc.)" in order for a "record search of NCIC" to be done. (Doc. 57 at 1). Plaintiff objects to the Court's Order issued on December 4, 2015. (Doc. 50). Plaintiff also has filed "Complaint for Negligence" which the Court considers to be an amended complaint. (Doc. 21).

## II. LEGAL STANDARDS

### A. Amendment as a Matter of Course

Rule 15(a)(1), Fed. R. Civ. P., allows a party to amend a pleading once as a matter of course within twenty one days after serving it. LRCiv 15.1(b) requires a party who files an amended pleading as a matter of course to file a separate notice of the filing of the amended pleading. "The notice must attach a copy of the amended pleading that indicates in what respect it differs from the pleading which it amends, by bracketing or striking through the text that was deleted and underlining the text that was added." *Id.* LRCiv 3.4 requires all complaints filed by incarcerated persons to be "signed and legibly written or typewritten on forms approved by the Court" unless the Court finds that the complaint is understandable and conforms to applicable requirements.

A district court's local rules are not petty requirements, but have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (citation omitted). The District Court of Arizona routinely denies motions for leave to amend for failure to comply with LRCiv 15.1(a). *See, e.g., Bivins v. Ryan*, 2013 WL 321847, at *4 (D. Ariz. Jan. 28, 2013); *J-Hanna v. Tucson Dodge Inc.*, 2012 WL 1957832, at *1 (D. Ariz. May 31, 2012); *Huminski v. Heretia*, 2011 WL 2910536, at *1 (D. Ariz. July 18, 2011).

### B. Alternate Methods of Service

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. V. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*; *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

Rule 4(e)(1)(2), Fed. R. Civ. P., provides in relevant part that "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally. . . ." Under Rule 4.1(k), Ariz. R. Civ. P., if personal service becomes impracticable, then the court may direct that service be accomplished by alternate means. *See BMO Harris Bank, N.A., v. D.R.C. Investments, L.L.C.*, No. CV-13-1692-PHX-LOA, 2013 WL 4804482, at *4 (D. Ariz. Sept. 9, 2013) (personal service found to be impracticable where five attempts made to serve and defendants were evading service of process); *see also Blair v. Burgener*, 245 P. 3d 898, 903-04 (Ariz. Ct. App. 2010) (interpreting "impracticable" to mean difficult or inconvenient, not impossible).

If the court allows an alternate or substitute form of service, "reasonable efforts shall be undertaken by the party making service to assure that actual notice of the

commencement of the action is provided to the person to be served . . . ." Rule 4.1(k), Ariz. R. Civ. P.  "[A]lternative method[s] of service must comport with constitutional notions of due process." *BMO Harris Bank, N.A. v. Guthmiller*, No. CV-14-00275-PHX-JAT, 2014 WL 2600362, at *2 (D. Ariz. June 10, 2014).  The method must be "reasonably calculated under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

### III. DISCUSSION

**A. Recommendation that the Court Dismiss Plaintiff's "Complaint of Negligence" (Doc. 21)**

The undersigned finds that Plaintiff has failed to comply with LRCiv 15.1(b) and LRCiv 3.4 in filing his "Complaint for Negligence." (Doc. 21).  Plaintiff has not presented the document on the proper form.  Plaintiff is aware of the proper form because he used it when filing his Complaint.  Nor has Plaintiff filed a separate notice that he is filing an amended complaint as a matter of course.  There is no attachment to the required notice that indicates by strike out, underlining, or bracketing in what way the "Complaint for Negligence" (Doc. 21) differs from the Complaint (Doc. 1).  Because the "Complaint for Negligence" does not comply with the Rules of Practice of the U.S. District Court for the District of Arizona, the undersigned will recommend that the "Complaint for Negligence" be dismissed without prejudice.

**B. Plaintiff's "Objection to Document 50" (Doc. 56)**

Plaintiff has filed "Objection to Document 50," which the undersigned construes as a timely filed objection directed to District Judge Campbell, seeking review of the Magistrate Judge's Order filed on December 4, 2015.  (Doc. 50).  Pursuant to Rule 72(a), Fed. R. Civ. P., Plaintiff may file an objection to a Magistrate Judge's nondispositive pretrial order within fourteen days after being served with a copy.  The undersigned refers "Objection to Document 50" (Doc. 56) to District Judge Campbell for further action deemed appropriate.

**C. Plaintiff's "Motion for Permission and Court Ordered to Service by Ad in 'USA Today'" (Doc. 54)**

This case was originally filed on June 13, 2014. (Doc. 1). The Court granted Plaintiff's fourth Application to Proceed in Forma Pauperis, screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 A(a), and required Defendant Schroeder to answer. (Doc. 14 at 2-4). The Court thereafter granted Plaintiff three extensions of time within which to serve Defendant Schroeder. (Docs. 17, 25, 37). The Court allowed the issuance of subpoenas duces tecum to "permit the Plaintiff to conduct reasonable discovery limited to ascertaining the requisite service information for Defendant Schroeder, specifically Defendant Schroeder's current address." (Doc. 37 at 2). Plaintiff has attempted to secure a current address for Defendant Schroeder through the use of the provided subpoenas duces tecum. However, despite the efforts Plaintiff has made to locate Defendant Schroeder, Defendant Schroeder has not been served. The last extension of time to serve expired on December 14, 2015. (*Id.*) The Court has ordered Plaintiff to show cause why his Complaint should not be dismissed without prejudice for failure to timely serve pursuant to Rule 4(m), Fed. R. Civ. P. (Doc 50). Plaintiff has filed an objection to the Court's Order. (Doc. 56). Plaintiff has also responded to the order to show cause. (Doc. 55). Because Plaintiff has objected to the Court's Order (Doc. 50) requiring Plaintiff to show cause why his Complaint should not be dismissed, the undersigned does not address Plaintiff's response (Doc. 55) to the order to show cause at this time.

Plaintiff's attempts to locate Defendant Schroeder have been unsuccessful to date. Plaintiff now requests that the Court approve an alternate means of service. Plaintiff seeks permission to serve Defendant Schroeder by having USMS place an ad in the USA Today newspaper or "the Media Networks." (Doc. 54 at 1). However, in order to approve an alternate method of service of process, the Court must find, and Plaintiff must show, that personal service is "impracticable." Rule 4.1(k), Ariz. R. Civ. P. The Court finds that Plaintiff has not done so. Defendant Schroeder has left the employ of the ADC

and moved.  No evidence has been presented to suggest that Defendant Schroeder is evading service of process or that service of process is so difficult and inconvenient that an alternate method of service is necessary.  If USMS had a current address for the Defendant, the Court has no reason to believe USMS would be unable to effectuate personal service.

Even if the Court were to find that personal service of Defendant Schroeder is impracticable, the alternate methods of service of process sought by Plaintiff do not comport with constitutional notions of due process.  An ad in USA Today or Media Networks is not a reasonable alternative method of service that would assure actual notice of the lawsuit to Defendant Schroeder.  Therefore, the Court will deny "Motion for Permission and Court Ordered to Service by Ad in 'USA Today.'"  (Doc. 54).

### D. "Request of the Court" (Doc. 57)

Plaintiff has also filed a "Request of the Court."  (Doc. 57).  Plaintiff's document is not a proper motion.  Plaintiff cannot request relief from the Court through the filing of a "Request" directed to the Clerk of Court.  *See* Rule 7(b)(1), Fed. R. Civ. P.  ("A request for a court order must be made by motion.").  In addition, the Clerk of Court is not in possession of the information Plaintiff wishes to provide to the USMS.  Nor is the Court. The Court will deny Plaintiff's "Request of the Court."

### CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** denying "Motion for Permission and Court Ordered to Service by Ad in 'USA Today.'" (Doc. 54).

**IT IS FURTHER ORDERED** denying "Request of the Court." (Doc. 57).

**IT IS RECOMMENDED** that the Court dismiss without prejudice "Complaint for Negligence." (Doc. 21).

### Effect of Recommendation

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

- 7 -

However, pursuant to Rule 72(b), Fed. R. Civ. P., the parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 28th day of January, 2016.

_____
Eileen S. Willett
United States Magistrate Judge